**In re AMBULANCE CORPORATION OF AMERICA also d/b/a Major Ambulance Company, Debtor.**

**AMBULANCE CORPORATION OF AMERICA also d/b/a Major Ambulance Company, Plaintiff,**

v.

**Richard SCHWEIKER, Secretary, Department of Health and Human Services, Hampton D. Jesse, Jr., Director Health Care Finance Administration, and Blue Shield of Pennsylvania, a Pennsylvania Non-Profit Corporation, Defendants.**

**Bankruptcy No. 82–01023K.**

**Adv. No. 82–1159K.**

United States Bankruptcy Court, E.D. Pennsylvania.

March 3, 1983.

Steven H. Berkowitz, Spencer Ervin, Jr., Philadelphia, Pa., for plaintiff/debtor.

Diane C. Moskal, Regional Atty., Dept. of Health & Human Services, Philadelphia, Pa., Elaine Mead, Agent of U.S. Dept. of Health & Human Services, for Blue Shield of Pa. Camp Hill, Pa., Joan K. Garner, Asst. U.S. Atty., Philadelphia, Pa., for defendants.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case comes before the Court on the complaint of the Debtor against the Department of Health and Human Services, the Health Care Finance Administration, and Blue Shield of Pennsylvania (hereinafter referred to as Defendants). The Debtor

requests the Court to enjoin the Defendants from setting off any pre-petition debt against any funds due the Debtor under the Medicare Act and, further, to hold the Defendants in contempt for the exercise of such setoffs as have already occurred. For the reasons set forth in this Opinion, the Court will grant summary judgment in favor of the Defendants.[1]

The Debtor is in the business of providing ambulance services. As part of its operation, the Debtor participates in the Medicare program as a provider of services. 42 U.S.C. § 1395 *et seq.* Blue Shield of Pennsylvania administers the Medicare program in Pennsylvania pursuant to an agreement with the Department of Health and Human Services. As a participant in the Medicare program, the Debtor receives reimbursement for ambulance services provided in accordance with the program.

In January of 1981, the Defendants reviewed the Debtor's claims for reimbursement and unearthed numerous discrepancies where the Debtor's claims for reimbursement did not meet the requirements for Medicare coverage. These claims having already been paid, the Defendants sought return of $178,265.91 in overpayments.

In April of 1981, the Debtor instituted an action in the District Court for the Eastern District of Pennsylvania to challenge the federal government's regulatory criteria for reimbursement. Shortly thereafter, the District Court approved a settlement stipulation whereby a repayment schedule was established. Although the Defendants have the power to offset the amount of the overpayment against any future amounts due the Debtor under the program,[2] the settlement agreement was designed to repay the Defendants over a period of time while the Debtor continued the operation of its business. Because these Medicare payments provide the Debtor with a substantial portion of its income, the exercise of a total setoff would drive the Debtor out of business. The Debtor and the Defendants wisely chose to settle the district court litigation in a manner which permitted the Debtor to remain in business and generate future revenues.

Unfortunately for the Debtor, the repayment schedule provided to be an onerous burden. A petition for reorganization under Chapter 11 of the Bankruptcy Code was filed on March 8, 1982.

Three (3) days later, the Debtor filed the instant complaint wherein it is alleged that, although the Debtor is entitled to reimbursement under the Medicare Act, the Defendants continued to setoff the pre-petition obligation against the present payments. The debtor argued that this setoff was a clear violation of the automatic stay which prevents the exercise of such a setoff. *See,* 11 U.S.C. § 362(a)(7).

The government does not dispute that it is exercising the right of setoff provided under the Medicare Act. Indeed, the facts of the case as set forth are undisputed. The Defendants, however, argue that the exercise of this setoff is proper under the Bankruptcy Code and have filed a motion for summary judgment.

Although hearing on this matter was held on July 28, 1982, the Court deferred decision on the matter. There appeared to be some possibility of adjusting the repayment schedule and settling the case. These commendable efforts, however, have failed. The Court will, therefore, address the merits of the case.

It is undisputed that the Defendants are authorized to setoff past overpayments against reimbursements currently due under the Medicare program. 42 U.S.C. § 1395g. This right of setoff is preserved under the Bankruptcy Code. 11 U.S.C. § 553. A party with a right of setoff may retain funds until the issue of the propriety of setoff is decided. 11 U.S.C. § 542(b).

Under the Bankruptcy Code, a right of setoff is treated as a secured claim. 11

---

1. This Opinion constitutes Findings of Fact and Conclusions of Law as required by Bankruptcy Rule 752 of the Rules of Bankruptcy Procedure.

2. See 42 U.S.C. § 1395g.

U.S.C. § 506(a). Furthermore, the Debtor's right to reimbursement constitutes "cash collateral" under the Code. 11 U.S.C. 363(a). Although these funds, if reimbursed, are collateral of a nature which could be used by the Debtor,[3] cash collateral may not be used by the Debtor unless there is consent of the secured party or pursuant to a court order. 11 U.S.C. § 362(c)(2). If the Court were to permit the debtor to use this cash collateral, the interest of the Defendants would have to be adequately protected. 11 U.S.C. § 363(e).

Although the Bankruptcy Code does not define "adequate protection", several examples are offered. 11 U.S.C. § 361. Adequate protection may be provided by requiring the debtor to make "periodic cash payments" to protect such an interest. 11 U.S.C. § 361(1). The main emphasis of the Code, however, is to provide the holder of such an interest with an "indubitable equivalent" of its claim. 11 U.S.C. 361(3).

In the instant case, the Court understands the Debtor's desire to maximize his cash flow. The interest of the Defendants, however, cannot be disregarded. Both the Medicare Act and the stipulation entered in the district court litigation provide the Defendants with a right of setoff. Such a right must be adequately protected under the Bankruptcy Code.

Additionally, the relationship between the Defendants and the Debtor could be characterized as that of parties to an executory contract. *In re Monsour Medical Center,* 11 B.R. 1014 (D.C.W.D.Pa.1981). The Defendants argue that the stipulation approved by the district court embodies the terms of the contract. By seeking to recover full reimbursement without the concomitant setoff, the Defendants argue, the Debtor obtains the benefits of the contract without assuming any of the obligations. The District Court for the Western District of Pennsylvania was confronted with the identical issue in the *Monsour* case. The Court in *Monsour* specifically ruled that adjustments of the reimbursement pay-

ments should continue and, further, that such adjustments were not in violation of the automatic stay imposed by § 362 of the Code. *See Monsour, supra* at p. 1018.

The Debtor places great reliance on the recent case of *Massachusetts v. Erlin Manor Nursing Home, et al,* Medicare and Medicaid Guide ¶ 32,252 (Bankr.D.Mass.1982). This Court, however, is not persuaded by the reasoning expressed therein. We do not believe that the relationship between the parties in this case can be characterized merely as that of a debtor and an unsecured creditor.

On the other hand, we are not in complete agreement with the reasoning expressed in *Mansour, supra.* While we agree with the District Court's analysis of the relationship as an executory contract, we do not believe that this characterization adequately describes the relationship between the parties.

As set forth above, this Court believes that the Defendants retain a right of setoff, which must also be recognized as well as any rights under the executory contract. Therefore, the Court has considered these factors in this Opinion.

In conclusion, the Court finds that the Defendants are not in violation of the automatic stay. An Order will be entered granting the Defendant's motion for summary judgment.

---

3. Although § 363 speaks of use of property by the trustee, a Chapter 11 debtor in possession is vested with powers and duties of the trustee. 11 U.S.C. § 1107.